1  **COHEN|JOHNSON|PARKER|EDWARDS**
   H. STAN JOHNSON, ESQ.
2  Nevada Bar No. 00265
   sjohnson@cohenjohnson.com
3  CHRIS DAVIS, ESQ.
   Nevada Bar No. 6616
4  cdavis@cohenjohnson.com
   255 E. Warm Springs Road, Suite 100
5  Las Vegas, Nevada 89119
   Telephone: (702) 823-3500
6  Facsimile: (702) 823-3400
   Attorneys for Defendant
7

8                    **UNITED STATES DISTRICT COURT**
9
                          **DISTRICT OF NEVADA**
10

11

12  EDWARD COULSON,                    Case No.:        _____
13              Plaintiff,
14  v.
15  SOUTHERN NEVADA MOVERS,            **NOTICE OF REMOVAL**
16              Defendants.
17

18        Pursuant to 28 U.S.C. §§ 1331, 1332, 1441 and 1446, Defendant SOUTHERN NEVADA
19  MOVERS hereby gives notice of removal of Case No. A-16-740702-C, which was filed in the
20  Eighth Judicial District Court in Clark County, Nevada.
21        IN SUPPORT THEREOF, Defendant states as follows:
22        1.     On July 27, 2016, Plaintiff Edward Coulson commenced this action against
23  Defendant in the Eighth Judicial District Court of the State of Nevada In And For Washoe
24  County, by filing a Complaint ("the Complaint"), A-16-740702-C.  The Complaint alleges ten
25  causes of action, including a cause of action for employment discrimination in violation of Title
26  VII of the Civil Rights Act of 1964 and 42 U.S.C. § 1983.   On August 3, 2016, Plaintiff served
27  Defendant with a copy of the Summons and Complaint, which are attached hereto as Exhibit 1,
28  along with all other pleadings and papers filed in State court.

**COHEN-JOHNSON, LLC**
255 E. Warm Springs Road, Suite 100
Las Vegas, Nevada 89119
(702) 823-3500 FAX: (702) 823-3400

3.      This Notice of Removal is filed within thirty (30) days after Defendants first received a copy of the Summons and Complaint.

4.      Venue is proper in this Court as this is the Court for the district and division embracing the place where the action is pending in state court.  28 U.S.C. § 1441(a).

5.      This action is properly removed to federal court under federal question jurisdiction pursuant to 28 U.S.C. §1331.

6.      This Court has original jurisdiction under 28 U.S.C. § 1331 because the face of Plaintiff's complaint asserts a claim for employment discrimination in violation of Title VII of the Civil Rights Act of 1964 and 42 U.S.C. § 1983.  *See Benefiel v. Exxon Corp*., 959 F.2d 805, 807 (9th Cir. 1992) (holding removal is proper when plaintiff's assert a claim that is "founded on a claim or right arising under the Constitution, treaties or laws of the United States" which "was pleaded on the face of the plaintiffs' complaint").

7.       Based on the foregoing, Defendant removes the above action, now pending in the Eighth Judicial District, in and for Clark County, Case No. A-16-740702-C., to this Court.  A true and correct copy of Defendant's Notice to State Court of Removal of Civil Action to Federal Court, without exhibits, is attached hereto and incorporated herein as Exhibit 2.

Dated this 22nd day of August 2016

COHEN|JOHNSON|PARKER|EDWARDS


By:  */s/ Chris Davis*
H. Stan Johnson, Esq.
Nevada Bar No. 00265
Chris Davis, Esq.
Nevada Bar No. 06616
255 E. Warm Spring Road, Suite 100
Las Vegas, Nevada 89119
Attorneys for Defendant

COHEN-JOHNSON, LLC
255 E. Warm Springs Road, Suite 100
Las Vegas, Nevada 89119
(702) 823-3500 FAX: (702) 823-3400

**PROOF OF SERVICE**

CASE NAME:        Coulson v. Southern Nevada Movers
Court:                    USDC Nevada
Case No.:

On the date last written below, following document(s) was served as follows:

**NOTICE OF REMOVAL**

_____X_____     by placing an original or true copy thereof in a sealed envelope, with sufficient postage affixed thereto, in the United States Mail, Las Vegas, Nevada and addressed to:
_____     by using the State Court's CM/ECF Electronic Notification System addressed to:
_____     by electronic email addressed to :
_____     by personal or hand/delivery addressed to:
_____     By facsimile (fax) addresses to:
_____     by Federal Express/UPS or other overnight delivery addressed to:

Edward Coulson
4529 Townwall Street
Las Vegas, Nevada 89115
*Plaintiff*

DATED the 22nd day of August 2016.


_____/s/ Sarah Gondek_____
An employee of Cohen|Johnson|Parker|Edwards

COHEN-JOHNSON, LLC
255 E. Warm Springs Road, Suite 100
Las Vegas, Nevada 89119
(702) 823-3500 FAX: (702) 823-3400

1
2
3
4
5
6
7
8
9
10
11
12
13
14
15
16
17
18
19
20
21
22
23
24
25
26
27
28

# Exhibit 1

# Exhibit 1

**SUMM**

1

2   *Edward Carlson Jr*
    (Name)

3   *4529 Town Wall St*
    (Mailing Address)

4   *Las Vegas NV 89115*
    (City, State, Zip Code)

5   *702-728-0559*
    (Telephone Number)

6   _____
    (Fax Number)

7   *hawksone84@gmail.com*
    (E-mail Address)
    Plaintiff, In Proper Person

8

9                **EIGHTH JUDICIAL DISTRICT COURT**

10                   **CLARK COUNTY, NEVADA**

11  Plaintiff's        *Edward Carlson Jr*        Case No.: *A-16-740702-C*
    Name:                                         Dept. No.: *XXXII*

12                        Plaintiff,

13                          vs.

    Defendant's    *Southern NV Movers*
14  Name:

15                       Defendant.

16                       **SUMMONS**

17  **NOTICE!  YOU HAVE BEEN SUED.  THE COURT MAY DECIDE AGAINST YOU WITHOUT
              YOUR BEING HEARD UNLESS YOU FILE A RESPONSE WITH THE COURT
18            WITHIN 20 DAYS.  READ THE INFORMATION BELOW CAREFULLY.**

19  To the Defendant named above:

20          A civil complaint has been filed by the Plaintiff against you.  Plaintiff is seeking to recover the

21  relief requested in the complaint, which could include a money judgment against you or some other form

22  of relief.

23          If you intend to defend this lawsuit, within 20 days[1] after this Summons is served on you (not

24  counting the day of service), you must:

25      1.    File with the Clerk of the Court, whose address is shown below, a formal written

26            response (typically a legal document called an "answer," but potentially some other

27            response) to Plaintiff's complaint.

28  _____
    [1] The State of Nevada, its political subdivisions, agencies, officers, employees, board members, commission members, and
    legislators each have 45 days after service of this Summons within which to file a response to Plaintiff's complaint.

© 2014 Civil Law Self-Help Center
Clark County, Nevada

Page 1 of 3

SUMMONS – DISTRICT COURT
(REV. 1, 02-20-2014)

**For forms and information, visit www.civillawselfhelpcenter.org**

RECEIVED

AUG 3 2016

CLERK OF THE COURT

2.  Pay the required filing fee to the court, or file an Application to Proceed *In Forma Pauperis* and request a waiver of the filing fee.

3.  Serve (by mail or hand delivery) a copy of your response upon the Plaintiff whose name and address is shown below.

> **Information and forms to assist you are available, free of charge, at the Civil Law Self-Help Center at the Regional Justice Center, 200 Lewis Avenue, Las Vegas, Nevada, and on the center's website at www.civillawselfhelpcenter.org.**

If you fail to respond, the Plaintiff can request your default.  The court can then enter judgment against you for the relief demanded by the Plaintiff in the complaint, which could result in money or property being taken from you or some other relief requested in Plaintiff's complaint.

If you intend to seek an attorney's advice, do it quickly so that your response can be filed on time.

*(This Summons must be signed by the Clerk of the Court.)*
**STEVEN D. GRIERSON, CLERK OF COURT**

By: _____ *(Signature)*
Deputy Clerk                                   Date:

Regional Justice Center
200 Lewis Avenue
Las Vegas, Nevada 89155

Issued at the request of:

_____ *(Plaintiff's Signature)*
*(Insert Plaintiff's name, address, phone, and e-mail:)*
4529 TOWNWALL ST 89115
702-728-0559
Edward Coulson Jr.

Plaintiff, In Proper Person

Note:  When service is by publication, add a brief statement of the object of the action.  See Nevada Rule of Civil Procedure 4(b).

© 2014 Civil Law Self-Help Center
Clark County, Nevada

Page 2 of 3

SUMMONS – DISTRICT COURT
(REV. 1, 02-20-2014)

**For forms and information, visit www.civillawselfhelpcenter.org**



## IN AND FOR THE CLARK COUNTY DISTRICT COURT
### (200 Lewis Ave, Las Vegas, NV 89155)

FILED

JUL 2 7 2016

CLERK OF COURT

Edward Coulson,      )
     Plaintiff  (Pro Se)      )
         )
v.          )
         )
Southern Nevada Movers,      )
     Defendant      )
         )

C.A. No.: A16740702C
XXCII

\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*

### COMPLAINT

COMES NOW, the plaintiff Edward Coulson  who is filing these causes of action against the sole defendant, i.e. Southern Nevada Movers.  In filing this complaint, the plaintiff states, avers, and alleges the following:

### I.) NATURE OF THE CASE

1.) The plaintiff Edward Coulson is alleging that the sole defendant has committed a material breach of contract in addition to a breach of fiduciary duty.

2.) Furthermore, the plaintiff is alleging that the defendant has committed the following tortious acts: defamation (libel per se/slander per se), invasion of privacy through portrayal in a "false light," malicious prosecution, tortious interference with business relations/contracts, conversion, civil fraud/material misrepresentation, intentional infliction of emotional distress (IIED)

3.) Finally, the plaintiff is alleging that the defendant has committed employment discrimination by violating Title VII of the Civil Rights Act of 1964 in addition to violating 42 U.S.C. Section 1983.

RECEIVED

JUL 1 3 2016

CLERK OF THE COURT

A-16-740702-C
COMP
Complaint
4568107

1

4.) Accordingly, the plaintiff is suing for equitable relief in addition to monetary or pecuniary damages in the amount of $21,000,000 (twenty-one million dollars) based on the harm that he has sustained to his reputation and the "loss of wages" incurred.

## II.) PARTIES TO THIS LITIGATION

5.) The sole plaintiff is Edward Coulson, i.e. an African-American truck driver with a CDL license.  His mailing address is 4529 Townwall Street, Las Vegas, NV 89115. His cell phone number is 702-728-0559.

6.) The sole defendant is the former employer of the plaintiff Edward Coulson.  It is "doing business as" (d/b/a) Southern Nevada Movers and its nerve center and/or principal place of business (ppb) is located at 4850 Statz St #102, North Las Vegas, NV 89081.  Its telephone number is (702) 649-7743

## III.) JURISDICTION AND VENUE

7.) NRS  13.040 provides the following rules with regards to jurisdiction and venue:

"**Venue in other cases.**   In all other cases, the action shall be tried in the county in which the defendants, or any one of them, may reside at the commencement of the action; or, if none of the defendants reside in the State, or if residing in the State the county in which they so reside be unknown to the plaintiff, the same may be tried in any county which the plaintiff may designate in the complaint; and if any defendant, or defendants, may be about to depart from the State, such action may be tried in any county where either of the parties may reside or service be had, subject, however, to the power of the court to change the place of trial as provided in this chapter."
          [1911 CPA § 72; RL § 5014; NCL § 8571]

8.) NRS  13.010 also provides the following rules:

"**Where actions are to be commenced.**

          a.) When a person has contracted to perform an obligation at a particular place, and resides in another
          county, the action must be commenced, and, subject to the power of the court

2

to change the place of trial as provided in this chapter, must be tried in the county in which such obligation is to be performed or in
which the person resides; and the county in which the obligation is incurred shall be deemed to be the
county in which it is to be performed, unless there is a special contract to the contrary.

b.)    Actions for the following causes shall be tried in the county in which the subject of the action, or
some part thereof, is situated, subject to the power of the court to change the place of trial as provided in
this chapter:

(i)  For the recovery of real property, or an estate, or interest therein, or for the determination in any form of such right or interest, and for injuries to real property.

(ii)  For the partition of real property.

(iii)  For the foreclosure of all liens and mortgages on real property. Where the real property is situated partly in one county and partly in another the plaintiff may select either of the counties, and the county so selected is the proper county for the trial of such action; but, in the case mentioned in this paragraph, if the plaintiff prays in the complaint for an injunction pending the action, or applies pending the action for an injunction, the proper county for the trial shall be the county in which the defendant resides or a majority of the defendants reside at the commencement of the action.
[1911 CPA § 69; A 1935, 210; 1931 NCL § 8568]

9.) The Clark County District Court has personal and subject matter jurisdiction over this lawsuit specifically because of the fact that both the plaintiff and defendant have mailing addresses within the confines of Clark County.

## IV.) STATEMENT OF FACTS

10.) The plaintiff Edward Coulson used to work as a truck driver for the defendant company, i.e. Southern Nevada Movers.

3

11.) The plaintiff is an African-American male with a valid CDL license in which he invested a lot of money to obtain.

12.) The defendant (e.g. Southern Nevada Movers) accused the plaintiff of embezzling approximately $140.00; the defendant also accused the plaintiff of damaging his former truck and stealing a fire extinguisher.

13.) The defendant terminated the plaintiff's employment contract after the plaintiff did not show up to pick up his last load to be delivered by his truck.

14.) Because of the fact that the plaintiff was fired by the defendant, the plaintiff went to the unemployment insurance office to collect unemployment checks while he waited to be placed at a new position of employment.

15.) The unemployment insurance office never paid any unemployment checks to the plaintiff because of the fact that the defendant falsely told the unemployment office that the plaintiff quit his job when in reality he had been fired.

16.) The false allegation of embezzlement almost cost the plaintiff by making him forfeit his CDL license because he was pressured into pleading "nolo contendere" or "no contest" to embezzlement charges brought by the Clark County District Attorney's Office (i.e. the office of Steven Wolfson, Esquire).

17.) Furthermore, the plaintiff had never been promoted or given a wage increase during his course of employment with the defendant notwithstanding the fact that other non-white employees were given raises during this same period of time; there is no explanation for this phenomenon other than that is explains "disparate impact/treatment," employment discrimination, and/or an "unfair labor practice" or ulp.

18.) The plaintiff does not belong to any craft, guild, or union for truck drivers but he would like to join a union and pay union dues so that his rights can be adequately represented.

## V.) COUNT ONE: DEFAMATION (LIBEL PER SE/SLANDER PER SE)

19.) In order to establish a prima facie case for defamation, the following elements must be proven:

    a.) First, the plaintiff must prove that the defendant made a false and defamatory statement concerning the plaintiff.

    b.) Second, the plaintiff must prove that the defendant made an unprivileged publication to a third party.

    c.) Third, the plaintiff must prove that the publisher acted at least negligently in publishing the communication.

    d.) Fourth, in some cases, the plaintiff must prove special damages.

20.) The plaintiff Edward Coulson argues that his former employer committed defamation by accusing him a crime of moral turpitude, i.e. embezzlement.

## VI.) COUNT TWO: INVASION OF PRIVACY THROUGH PORTRAYAL IN "FALSE LIGHT"

21.) To establish a prima facie case for the invasion of privacy through a "false light," the following elements must be proved:

    a.) A publication by the Defendant about the Plaintiff;

    b.) made with actual malice (very similar to that type required by _New York Times Co. v. Sullivan, 376 U.S. 254 (1964)_ in "Defamation" cases);

c.) which places the Plaintiff in a false light; AND

d.) that would be highly offensive (i.e., embarrassing to reasonable persons).

22.) The plaintiff Edward Coulson argues that the defendant committed the tort of invasion of privacy through a portrayal in a "false light" by accusing him of embezzlement, i.e. a crime of moral turpitude.

## VII.) COUNT THREE: MALICIOUS PROSECUTION

23.) In order to establish a prima facie case of malicious prosecution, the following elements must be proved:
   a.) intentionally (and maliciously) instituting and pursuing (or causing to be instituted or pursued) a legal action (civil or criminal) that is
   b.) brought without probable cause and
   c.) dismissed in favor of the victim of the malicious prosecution.

24.) In some jurisdictions, the term "malicious prosecution" denotes the wrongful initiation of criminal proceedings, while the term "malicious use of process" denotes the wrongful initiation of civil proceedings.

25.) The plaintiff Edward Coulson argues that the defendant has committed malicious prosecution by bringing criminal proceedings against him for embezzlement when his former employer either "knew or should have known" (i.e. a constructive knowledge) that it is custom and usage of the industry for the employers to allow the truck drivers to withdraw money from the employer's account so long as that money is paid back to the employer by replacing the funds from the truck driver's next payroll check.

26.) This is done in the ordinary course of business and has been the case with regards to the prior course of dealings between the plaintiff and his former employer, i.e. the defendant.

## VIII.) COUNT FOUR: TORTIOUS INTERFERENCE WITH BUSINESS RELATIONS/CONTRACTS

27.) Although the specific elements required to prove a claim of tortious interference vary from one jurisdiction to another, they typically include the following:

    a.) The existence of a contractual relationship or beneficial business relationship between two parties.

    b.) Knowledge of that relationship by a third party.

    c.) Intent of the third party to induce a party to the relationship to breach the relationship.

    d.) Lack of any privilege on the part of the third party to induce such a breach.

    e.) The contractual relationship is breached.

    f.) Damage to the party against whom the breach occurs

28.) The plaintiff argues that the defendant has committed the tortious interference with business relations/contracts in the sense that the defendant prematurely terminated the plaintiff's employment contract based on false allegations of embezzlement, vandalism, larceny, and/or destruction of property.

## IX.) COUNT FIVE: BREACH OF FIDUCIARY DUTY

29.) This high standard of duty necessitates an early evaluation of the existence and breach of the fiduciary duty at issue.

30.) The elements for a breach of fiduciary duty cause of action are (a) proof of a fiduciary relationship and duty, (b) breach of that fiduciary duty, and (c) damages directly caused by the defendant's breach. E.g., ***Deblinger v. Sani-Pine Prods. Co., 107 A.D.3d 659, 660 (N.Y. App. Div. 2013).***

31.) Fiduciaries are ordinarily held to an extraordinary standard of behavior: "[A fiduciary] is held to something stricter than the morals of the marketplace. Not honesty alone, but the punctilio of [] honor . . . is [] the standard behavior. As to this there has developed a tradition that is unbending and inveterate." *Meinhard v. Salmon, 164 N.E. 545, 546 (N.Y. 1928) (quoting Chief Justice Cardozo) (emphasis added).*

32.) The plaintiff argues that the defendant committed a breach of fiduciary duty specifically because of the fact that his former employer (e.g. the defendant) had a duty of care and a duty of loyalty to safeguard the plaintiff's property and his payroll check.

33.) The plaintiff's payroll check is considered to be commercial paper/negotiable instrument and it is a chattel that is considered to be three-party paper.

34.) By deducting more money than necessary from the plaintiff's payroll check, the defendant had committed a breach of fiduciary duty owed to the plaintiff.

## X.) COUNT SIX: CONVERSION

35.) The elements of a conversion cause of action are:

> a.) the plaintiff has clear legal ownership or right to possession of the property at the time of the conversion;
> b.) the defendant's conversion by a wrongful act or disposition of plaintiff's property rights;
> c.) there are damages resulting from the conversion.

36.) The plaintiff argues that the defendant committed conversion by withdrawing more money than necessary from the plaintiff's last payroll check.

37.) A payroll check is considered to be chattel paper or electronic chattel paper (if it is deposited into the plaintiff's checking account by direct deposit of funds) and more

specifically, it is referred to as "three-party paper" in the law of commercial paper/negotiable instruments.

## XI.) COUNT SEVEN: CIVIL FRAUD/MATERIAL MISREPRESENTATION

38.) In order to prove a prima facie case for civil fraud/material misrepresentation, the following elements must be proved:

      a.) A misrepresentation

      b.) of a material fact or opinion to another

      c.) made for the purpose of inducing reliance by the other party

      d.) that induces reliance by the other party

      e.) to his or her detriment.

39.) The plaintiff believes that the defendant had committed civil fraud in that his former boss filed a false police report alleging that the plaintiff had committed embezzlement of funds and stole a fire extinguisher.

40.) This allegation is and was simply untrue given that the plaintiff and his former employer had a prior course of dealings whereby the plaintiff was allowed to withdraw money from the defendant's account so long as this money was paid back by the plaintiff by being withdrawn from his next payroll check.

41.) This practice is the custom and usage of the trucking industry and this had been performed several times by the plaintiff in the ordinary course of business.

42.) Furthermore, the plaintiff alleges that the defendant had committed civil fraud and/or a material misrepresentation by falsely telling the unemployment insurance office that the plaintiff quit his job with the defendant when the plaintiff was actually fired after he failed to pick up his last load with the employer.

43.) Clearly, the defendant lied to the unemployment insurance office so that he could avoid paying unemployment checks to the plaintiff. In a motion to issue subpoenas and/or subpoenas duces tecum, the plaintiff will request that his former employer

produce IRS Form 941 which is a tax document pertaining to unemployment insurance.

44.) These tax documents (e.g. Form 941) can be entered into evidence under the "business records exception" to the hearsay rule pursuant to the stare decisis/persuasive precedent of ***Palmer v. Hoffman, 318 U.S. 109 (1943)*** and ***Johnson v. Lutz, 253 N.Y. 124, 170 N.E. 517 (1930)***

## XII.) COUNT EIGHT: INTENTIONAL INFLICTION OF EMOTIONAL DISTRESS (IIED)

45.) The tort of intentional infliction of emotional distress has four elements:
   a.) the defendant must act intentionally or recklessly;
   b.) the defendant's conduct must be extreme and outrageous; and
   c.) the conduct must be the cause
   d.) of severe emotional distress.

46.) The plaintiff argues that the defendant had committed the intentional infliction of emotional distress (IIED) because it was extreme, outrageous, and egregious for the defendant to file a false police report accusing the plaintiff of embezzlement and/or destruction of property.

47.) It was also extreme, outrageous, and egregious for the defendant to lie to the unemployment insurance office by falsely stating that the plaintiff quit his job with the defendant.

48.) It is even yet more egregious, extreme, and outrageous for the defendant to continually and systematically deny any promotions to the plaintiff and to fail to give him a raise when he had been employed by the defendant company for a significantly long period of time.

49.) Because of the fact that other non-white employees had also been denied the opportunity to get a promotion and/or raise with the defendant corporation, it can be

substantially asserted that the defendant has violated Title VII of the Civil Rights Act of 1964 and 42 U.S.C. Section 1983.

## XIII.) COUNT NINE: EMPLOYMENT DISCRIMINATION/VIOLATION OF CIVIL RIGHTS ACTS OF 1964 AND 42 USC SECTION 1983

50.) To establish a prima facie case for employment discrimination and/or a violation of Title VII of the Civil Rights Act of 1964, the following elements must be proved:
    a.) Individual experiences an Individual experiences an adverse adverse action, (e.g., discipline, termination, , discipline, termination, not promoted). not promoted) and
    b.) Circumstances exist that support an inference of discrimination/retaliation.

51.) To reiterate, because of the fact that other non-white employees had also been denied the opportunity to get a promotion and/or raise with the defendant corporation, it can be substantially asserted that the defendant has violated Title VII of the Civil Rights Act of 1964 and 42 U.S.C. Section 1983.

52.) Because of the fact that the plaintiff is an experienced African-American truck driver with a valid CDL license, the plaintiff believes that there is no other explanation for the denial of his opportunity to be promoted in the company other than his race.

53.) African-Americans are part of a suspect classification that has experienced "invidious discrimination" within the context of American jurisprudence.

## XIV.) COUNT TEN: MATERIAL BREACH OF CONTRACT

54.) To recover damages from the defendant for breach of contract, the plaintiff must prove all of the following:

    a.) That the plaintiff and *defendant* entered into a contract;

11

b.) That the *plaintiff* did all, or substantially all, of the significant things that the contract required him to do [or that he was excused from doing those things];

c.) That all conditions required by the contract for defendant's performance [had occurred/ [or] were excused];]

d.) That the defendant failed to do something that the contract required him to do; and]

[*or*]

d. That the defendant did something that the contract prohibited [him/her/it] from doing; and]

e.) That the plaintiff was harmed by that failure.

55.) The plaintiff argues that the defendant had committed a material breach of contract by prematurely terminating his employment contract based on a false allegation of embezzlement and/or destruction of property.

56.) In addition, the plaintiff believes that the defendant committed a material breach of contract by denying his claim for unemployment insurance based on yet another false allegation that the plaintiff quit his job with his former employer.

57.) Finally, the plaintiff believes that the defendant committed a material breach of contract by failing to raise his wages and/or promote him within the company or giving him "cost-of-living adjustments" (e.g. "COLA clauses") which would adjust his salary to inflation.

58.) Inflation is measured by the Bureau of Economic Analysis (BEA) within the Department of Labor by the consumer price index (CPI) and GDP deflator.

59.) The plaintiff argues that he entered into a procedurally and substantively unconscionable contract with the defendant in which there were no "arm's length negotiations" and an unfair amount of bargaining power favoring the defendant.

60.) Furthermore, the plaintiff relied to his detriment that he would remain employed with the defendant company.  This would invoke the doctrine of promissory estoppel.

61.) The express and constructive conditions of the contract were not discharged due to a modification of the employment contract (which would require additional consideration), an accord and satisfaction, a novation, unilateral rescission, impossibility of performance, impracticability, and/or frustration of purpose.

62.) The plaintiff also believes that he could have previously sued the defendant according to the doctrine of anticipatory repudiation.

## XV.) PRAYER FOR RELIEF

WHEREFORE, the plaintiff Eddie Coulson has brought these causes of action against the sole defendant alleging that said defendant has committed a breach of fiduciary duty in addition to a material breach of contract.  In addition, the plaintiff alleges that the defendant has committed the following tortious acts: defamation (libel per se/slander per se), invasion of privacy through portrayal in a "false light," malicious prosecution, tortious interference with business relations/contracts, conversion, civil fraud/material misrepresentation, intentional infliction of emotional distress (IIED) in addition to a violation of Title VII of the Civil Rights Act of 1964 and 42 USC Section 1983.  In establishing this "Prayer for Relief," the plaintiff states, avers, and alleges the following:

13

A.) The relief requested in the amount of $21,000,000 (twenty one million dollars) encompasses the expectation, reliance, restitution, incidental, and consequential damages that arise out of a material breach of contract and breach of fiduciary duty.

B.) The relief requested in the amount of $21,000,000 also encompasses the punitive, compensatory, treble, actual, and special damages that arise out of the defendant having committed the aforementioned tortious acts.

C.) The plaintiff is also requesting the equitable remedy of specific performance mandating that the employer rehire him and give him a raise in salary which would be in strict accordance with the collective bargaining agreement that any labor union of truck drivers would have entered into with the defendant corporation.

D.) The plaintiff would like to get employment through "hiring halls" and avert entering into any "yellow dog contracts" which are expressly forbidden by the Norris-LaGuardia Act.

E.) The plaintiff would like to file his grievances for "unfair labor practices" or ulp's with the National Labor Relations Board (NLRB) under the U.S. Department of Labor in strict accordance with Title 29 of U.S.C.A..

F.) The plaintiff would like to exhaust all of his remedies in administrative proceedings by appearing before an Administrative Law Judge (ALJ) provided by the National Labor Relations Board (NLRB).

G.) The plaintiff would possibly agree to any form of Alternative Dispute Resolution (ADR) such as arbitration or mediation. Any arbitration would accordingly be governed by the Federal Arbitration Act of 1925 (FAA).

H.) The plaintiff would agree to appearing before an arbitration panel provided by the American Arbitration Association (AAA).

14

I.) The plaintiff believes in "good faith" that it was not necessary for him to first appear before the Equal Employment Opportunity Commission (EEOC) and/or have his case litigated by the National Advancement for the Association of Colored People (NAACP).

D.) Liquidated damages may be applicable given that the plaintiff had entered into an employment contract with the defendant in which this bilateral contract had fully-binding offer, acceptance, and consideration.

E.) The concepts of quantum meruit and unjust enrichment may also be applicable. This employment contract between the plaintiff and the defendant is not expected to be interpreted as caveat emptor or "buyer beware."

Respectfully submitted,

Edward Coulson
4529 Townwall Street
Las Vegas, NV 89115
702-728-0559

15

# Exhibit 2

# Exhibit 2

1

**COHEN|JOHNSON|PARKER|EDWARDS**
H. STAN JOHNSON, ESQ.

2

Nevada Bar No. 00265
sjohnson@cohenjohnson.com

3

CHRIS DAVIS, ESQ.
Nevada Bar No. 6616

4

cdavis@cohenjohnson.com
255 E. Warm Springs Road, Suite 100

5

Las Vegas, Nevada 89119
Telephone: (702) 823-3500

6

Facsimile: (702) 823-3400
Attorneys for Defendants

7

8

**EIGHTH JUDICIAL DISTRICT COURT**

9

**CLARK COUNTY, NEVADA**

10

11

12

EDWARD COULSON,

13

       Plaintiff,

14

v.

15

SOUTHERN NEVADA MOVERS,

16

       Defendants.

17

18

Case No.: A-16-740702-C
Department XXXII    _____

**NOTICE TO STATE COURT OF
REMOVAL OF CIVIL ACTION TO
FEDERAL COURT**

19

20

21

22

23

24

25

26

27

28

COHEN-JOHNSON, LLC
255 E. Warm Springs Road, Suite 100
Las Vegas, Nevada 89119
(702) 823-3500 FAX: (702) 823-3400

1    TO:    THE HONORABLE COURT, AND

2    TO:    PLAINTIFF EDWARD COULSON:

3       PLEASE TAKE NOTICE that a Notice of Removal of this action has been filed with the

4  United States District Court for the District of Nevada.  A true and correct copy of this Notice of

5  Removal, without exhibits, is attached hereto as Exhibit "1."

6       Pursuant to 28 U.S.C. Section 1446(d), the District Court for Clark County "shall proceed

7  no further unless and until the case is remanded."

8       Dated this 22nd day of August 2016

9                                    **COHEN|JOHNSON|PARKER|EDWARDS**

10

11                   By:  */s/ Chris Davis*
                        H. Stan Johnson, Esq.
12                       Nevada Bar No. 00265
                        Chris Davis, Esq.
13                       Nevada Bar No. 06616
                        255 E. Warm Spring Road, Suite 100
14                       Las Vegas, Nevada 89119
                        Attorneys for Defendants
15

16

17               **Affirmation Pursuant to NRSB.030**

18        The undersigned does hereby affirm that the preceding document does not contain the

19  social security number of any person.

20       Dated this 22nd day of August 2016

21                                    **COHEN|JOHNSON|PARKER|EDWARDS**

22

23                   By:  */s/ Chris Davis*
                        H. Stan Johnson, Esq.
24                       Nevada Bar No. 00265
                        Chris Davis, Esq.
25                       Nevada Bar No. 06616
                        255 E. Warm Spring Road, Suite 100
26                       Las Vegas, Nevada 89119
                        Attorneys for Defendants

27

28

COHEN-JOHNSON, LLC
255 E. Warm Springs Road, Suite 100
Las Vegas, Nevada 89119
(702) 823-3500 FAX: (702) 823-3400

**PROOF OF SERVICE**

CASE NAME:        Coulson v. Southern Nevada Movers
Court:              Eighth Judicial District Court, Clark County, Nevada
Case No.:           A-16-740702-C

      On the date last written below, following document(s) was served as follows:

**NOTICE TO STATE COURT OF REMOVAL OF CIVIL ACTION TO FEDERAL COURT**

\_\_\_\_\_X\_\_\_\_\_      by placing an original or true copy thereof in a sealed envelope, with sufficient postage affixed thereto, in the United States Mail, Las Vegas, Nevada and addressed to:

_____      by using the Court's CM/ECF Electronic Notification System addressed to:
_____      by electronic email addressed to :
_____      by personal or hand/delivery addressed to:
_____      By facsimile (fax) addresses to:
_____      by Federal Express/UPS or other overnight delivery addressed to:

Edward Coulson
4529 Townwall Street
Las Vegas, Nevada 89115
*Plaintiff*

DATED the 22nd day of August 2016.


\_/s/ Sarah Gondek_____
An employee of Cohen|Johnson|Parker|Edwards

**COHEN-JOHNSON, LLC**
255 E. Warm Springs Road, Suite 100
Las Vegas, Nevada 89119
(702) 823-3500 FAX: (702) 823-3400