**COHEN|JOHNSON|PARKER|EDWARDS**
H. STAN JOHNSON, ESQ.
Nevada Bar No. 00265
sjohnson@cohenjohnson.com
CHRIS DAVIS, ESQ.
Nevada Bar No. 6616
cdavis@cohenjohnson.com
255 E. Warm Springs Road, Suite 100
Las Vegas, Nevada 89119
Telephone: (702) 823-3500
Facsimile: (702) 823-3400
Attorneys for Defendant

## UNITED STATES DISTRICT COURT

## DISTRICT OF NEVADA

EDWARD COULSON,

        Plaintiff,

v.

SOUTHERN NEVADA MOVERS,

        Defendant.

Case No.: 2:16−cv−01989

**MOTION TO DISMISS**

COHEN|JOHNSON|PARKER|EDWARDS
255 E. Warm Springs Road, Suite 100
Las Vegas, Nevada 89119
(702) 823-3500 FAX: (702) 823-3400

1  Defendant SOUTHERN NEVADA MOVERS ("Southern Nevada"), by and through their

2  counsel of record COHEN|JOHNSON|PARKER|EDWARDS, hereby move, pursuant to Fed R.

3  Civ. P. 12, to dismiss Plaintiff EDWARD COULSON's First, Second, Third, Fourth, Fifth,

4  Sixth, Seventh, Eighth, and Tenth counts in his Complaint.  This motion is brought based on the

5  pleadings and papers on file, the attached exhibits, the following Points and Authorities, and any

6  and all argument which may be permitted on a hearing of this matter.

7  Dated this 29th day of August, 2016.

8  COHEN|JOHNSON|PARKER|EDWARDS

9

10

11  By: /s/ Chris Davis
    H. Stan Johnson, Esq.

12  Nevada Bar No. 00265
    Chris Davis, Esq.

13  Nevada Bar No. 6616
    255 E. Warm Springs Road, Suite 100

14  Las Vegas, Nevada 89119
    Attorneys for Defendant

15

16  **POINTS AND AUTHORITIES**

17  **I. INTRODUCTION**

18  Plaintiff Edward Coulson's Complaint, alleging claims for defamation, false light

19  invasion of privacy, malicious prosecution, interference with contract, breach of fiduciary duty,

20  conversion, fraud, emotional distress, and breach of contract, is a paradigmatic example of

21  "[t]hreadbare recitals of the elements of a cause of action, supported by mere conclusory

22  statements" which the United States Supreme Court held was insufficient to state a claim in *Bell*

23  *Atlantic Corp. v. Twombly*, 550 U.S. 544  (2007), and *Ashcroft v. Iqbal*, 556 U.S. 662 (2009).

24  Plaintiff merely recites the elements of his claims without ever alleging facts supporting those

25  elements.  Based on these glaring deficiencies, these claims in Plaintiff's Complaint should be

26  dismissed with prejudice.

27

28

## II.  ARGUMENT

In *Landers v. Quality Commc'ns, Inc*., 771 F.3d 638, 641 (9th Cir. 2014), as amended (Jan. 26, 2015), cert. denied, 135 S. Ct. 1845 (2015), the Ninth Circuit held that to avoid dismissal, "a complaint must contain sufficient factual content "to state a claim to relief that is plausible on its face." *Citing Bell Atlantic Corp. v. Twombly*, 550 U.S. 544 (2007), and *Ashcroft v. Iqbal*, 556 U.S. 662 (2009).  The court ruled that "a complaint that offers labels and conclusions, a formulaic recitation of the elements of a cause of action, or naked assertions devoid of further factual enhancement will not suffice." *Landers,* 771 F.3d at 641.  The court reasoned that a "claim for relief is plausible on its face when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Id*.  The court found, however, that when a complaint pleads facts that are merely consistent with a defendant's liability, it stops short of . . . plausibility of entitlement to relief." *Id*.

Plaintiff's Complaint is devoid of any factual allegations which would support his claims for relief.  On that basis alone, Plaintiff's claims for defamation, false light invasion of privacy, malicious prosecution, interference with contract, breach of fiduciary duty, conversion, fraud, emotional distress, and breach of contract should be dismissed with prejudice.

### A.   Plaintiff's Claim of Defamation Has _NO_ Merit.

In *Wynn v. Smith*, 117 Nev. 6, 10, 16 P.3d 424, 427 (2001), the Nevada Supreme Court held that to "establish a prima facie case of defamation, a plaintiff must prove: (1) a false and defamatory statement by defendant concerning the plaintiff; (2) an unprivileged publication to a third person; (3) fault, amounting to at least negligence; and (4) actual or presumed damages." In *Wynn*, the Court held that the defendant "may not be held liable for defamation for a statement that he did not . . .  publish." *Id*. at 12, 16 P.3d at 428.   In *M & R Inv. Co. v. Mandarino*, 103 Nev. 711, 715, 748 P.2d 488, 491 (1987), the Nevada Supreme Court explained that "[p]ublication is the communication of the defamatory matter to some third person."  The Court held that defamation was not established when the "record contains no direct or circumstantial evidence of the communication of the defamatory statement to a third person."  *Id*. at 716, 748

COHEN | JOHNSON | PARKER | EDWARDS
255 E. Warm Springs Road, Suite 100
Las Vegas, Nevada 89119
(702) 823-3500 FAX: (702) 823-3400

P.2d at 491.  The Court reasoned that to establish publication, plaintiff must show "that the defamatory statement was comprehensible to and uttered in the presence and hearing of a third person."  *Id*.

Plaintiff does not allege that Defendant Southern Nevada Movers ("Southern Nevada") published any defamatory statement to any third party.  Instead, Plaintiff merely alleges that Southern Nevada "accused the plaintiff of embezzling" by "accusing ***him*** [of] a crime of moral turpitude, i.e. embezzlement."  *See* Complaint at 4-5, ¶¶ 12, 20 (emphasis added).  As Plaintiff only alleges that accusations were directed to "him," Plaintiff has not set forth facts of any publication to a third party by Southern Nevada.

While Plaintiff alleges that the "false allegations of embezzlement" may have adversely impacted him because he was allegedly "pressured into pleading 'nolo contendere' or 'no contest' to embezzlement charged brought by the Clark County District Attorney's Office," Plaintiff does not allege that Southern Nevada reported the embezzlement to the D.A.'s office.  *See* Complaint at 4, ¶ 16.  Without allegations of publication to a third-party, Plaintiff's claim of embezzlement fails and should be dismissed.

Even if Plaintiff had alleged that Southern Nevada published the complaint to the D.A.'s office, such publication would be absolutely privileged.  In *Clark County School District v. Virtual Education Software, Inc.*, 125 Nev. 374, 382-84, 213 P.3d 496, 502 (2009) held that an "absolute privilege" applies to "communications made in the course of judicial proceedings even if known to be false" when communication is made either a "lawyer" or "nonlawyer" that is "related" to a judicial proceeding has commenced or is, in good faith, under serious consideration . . . ."  The Court reasoned that the "purpose of the absolute privilege is to afford all persons freedom to access the courts and freedom from liability for defamation where civil or criminal proceedings are seriously considered."  *Id*. at 383, 213 P.3d at 502.  The Court concluded that "because the scope of the absolute privilege is broad, a court determining whether the privilege applies should resolve any doubt in favor of a broad application."  *Id.* at 382, 213 P.3d at 502.

COHEN | JOHNSON | PARKER | EDWARDS
255 E. Warm Springs Road, Suite 100
Las Vegas, Nevada 89119
(702) 823-3500 FAX: (702) 823-3400

Plaintiff has not alleged that Southern Nevada published any defamatory statement to the D.A.'s Office for good reason. Plaintiff asserts that he pleaded "no contest" to an embezzlement charge. He thus conclusively establishes that if Southern Nevada had told the D.A. that Plaintiff had embezzled funds, that such a statement was related to criminal proceedings that were being "seriously considered." Plaintiff therefore cannot establish a third-party publication, let alone an unprivileged third-party communication, necessary to establish a claim of defamation, and this Court should dismiss Plaintiff's claim of defamation with prejudice. *See Hourani v. Mirtchev*, 796 F.3d 1, 7, 16 (D.C. Cir. 2015) (holding that Plaintiffs' complaint alleging that defendant "conspired to defame the [plaintiff] by publishing . . . defamatory statements, including that the [defendants] were members and supporters of [a] terrorist group" did not establish a claim of defamation because the complaint contains "no allegation that [defendants] communicated with [a third party]" and "the complaint does not even disclose what was published").

**B.    Plaintiff's Claim of False Light Invasion of Privacy Has *NO* Merit.**

In *Franchise Tax Board of Cal. v. Hyatt*, 130 Nev. Adv. Op. 71, 335 P.3d 125, 141 (2014), vacated on other grounds by 136 S. Ct. 1277, 194 L. Ed. 2d 431, the Nevada Supreme Court held that an action for false light invasion of privacy arises when (1) defendant "gives publicity to a matter concerning another that places the [plaintiff] before the public in a false light;" (2) "the false light in which the [plaintiff] was placed would be highly offensive to a reasonable person;" and (3) the defendant "had knowledge of or acted in reckless disregard as to the falsity of the publicized matter and the false light in which the other would be placed." In *Kuhn v. Account Control Tech., Inc.*, 865 F. Supp. 1443, 1448 (D. Nev. 1994), this Court held that "publicity" was not shown to establish invasion of privacy when "dissemination of information that occurred was limited to the small group" of persons. The Court reasoned that "publicity" requires "that the matter is made public, by communicating it to the public at large, or to so many persons that the matter must be regarded as substantially certain to become one of public knowledge." *Id*.

As already set forth, Plaintiff does not allege that Southern Nevada published the accusation of embezzlement to any third party, let alone to communicate it to the public at large

COHEN | JOHNSON | PARKER | EDWARDS
255 E. Warm Springs Road, Suite 100
Las Vegas, Nevada 89119
(702) 823-3500 FAX: (702) 823-3400

so as to be deemed "publicity." Again, even if Plaintiff had alleged broad public communication necessary to establish publicity, the Nevada Supreme Court, in *Bullivant Houser Bailey PC v. Eighth Judicial Dist. Court of State ex rel. Cty. of Clark*, 128 Nev. 885 (2012), held that "***all claims***" based on communications covered by "the absolute litigation privilege" are "barred."

Finally, even if Plaintiff had alleged facts showing publicity, Plaintiff has not alleged facts indicating that Southern Nevada acted in reckless disregard of the truth. In *Rowland v. Lepire*, 99 Nev. 308, 313, 662 P.2d 1332, 1335 (1983) (emphasis added), the Nevada Supreme Court held that where "a defendant has reasonable grounds for belief in his claim," he could ***not*** know acted that his statement was false, nor "acted in reckless disregard of its truth or falsity." By pleading no contest to the crime of embezzlement, Plaintiff is estopped from challenging the reasonableness of the facts necessary to establish the crime of embezzlement. *See Daubenmire v. City of Columbus*, 507 F.3d 383, 390 (6th Cir. 2007) (holding plaintiffs "are estopped by their [no-contest] pleas in state court from now challenging the reasonableness of their arrest," and that the underlying facts were sufficient to establish probable cause that plaintiffs committed the crime); *State v. Rosenthal*, 107 Nev. 772, 776, 819 P.2d 1296, 1300 (1991) (holding a "conviction may be considered even when based upon a plea of nolo contendere").

It is unsurprising that Plaintiff claims that he pleaded "no contest" to the crime of embezzlement as he admits that he "withdrew money from defendant's account," but erroneously believed that such withdrawals was proper so long as this money was paid back by his next payroll check because he had previously made such withdrawals. *See* Complaint at 6, 9, ¶¶ 25, 40-41. Nowhere does Plaintiff allege that Southern Nevada agreed to allow such unilateral withdrawals. Under Plaintiff's own factual allegations, Southern Nevada had every reason to believe that Plaintiff was guilty of embezzlement. *See Arajakis v. State*, 108 Nev. 976, 985, 843 P.2d 800, 806 (1992) (holding the "diversion of funds from their intended use was sufficient to infer the crime of embezzlement"). As Plaintiff has not and cannot show publicity or that Southern Nevada acted in reckless disregard of the truth, Plaintiff's False Light Invasion of Privacy claim has no merit and should be dismissed. *See Lopez v. Country Ins. & Fin. Servs.*, 252 Fed. App'x 142, 146 (9th Cir. 2007) (holding that plaintiff's false light claim lacked merit

COHEN | JOHNSON | PARKER | EDWARDS

255 E. Warm Springs Road, Suite 100
Las Vegas, Nevada 89119
(702) 823-3500 FAX: (702) 823-3400

when plaintiff "has not shown that the defendants, gave publicity to a matter concerning him that placed him before the public in a false light, that (a) the false light in which he was placed would be highly offensive to a reasonable person, and (b) the defendants had knowledge of or acted in reckless disregard as to the falsity of the publicized matter and the false light in which he would be placed").

**C.   Plaintiff's Malicious Prosecution Claim Has _NO_ Merit.**

In *Lester v. Buchanen,* 112 Nev. 1426, 1428, 929 P.2d 910, 912 (1996), the Nevada Supreme Court explained that the "elements that must be proved in a malicious prosecution action are: (1) a lack of probable cause to commence the prior action; (2) malice; (3) favorable termination of the prior action; and (4) damages."  The Court held that "to recover for malicious prosecution, plaintiff had to demonstrate that police officers commenced the criminal prosecution because of direction, request, or pressure" from defendants.  *Id*.  Plaintiff has not and cannot allege facts supporting any of these elements.

First and foremost, the Clark County District Attorney did not even commence criminal prosecution.  Plaintiff claims that "embezzlement charges" were "brought by the Clark County District Attorney's Office."  *See* Complaint at 4, ¶ 16.  A search of Clark County District Court records reveals _no_ criminal prosecution of Plaintiff Edward Coulson.  *See* Exhibit 1, Civil/Criminal Case Records Search Results, https://www.clarkcountycourts.us/Anonymous/Search.aspx?ID=400 (August 25, 2016).   A search of the Clark County Justice Court records show charges for battery, but no charges for any other crime including embezzlement.  *See* Exhibit 2, Criminal Case Records Search Results, https://lvjcpa.clarkcountynv.gov/Anonymous/Search.aspx?ID=100 (August 25, 2016).

In *Emrich v. Touche Ross & Co*., 846 F.2d 1190, 1198-1200 (9th Cir. 1988), the Ninth Circuit held when ruling on a motion to dismiss, the court may look to court records to determine the facts that are "clear as a matter of public record."  The Court reasoned that the "court may properly look beyond the complaint only to items in the record of the case or to matters of general public record" without converting a motion to dismiss into one for summary judgment.  *Id*. at 1198.  Here, county court records demonstrate that _no_ embezzlement action was ever

COHEN | JOHNSON | PARKER | EDWARDS
255 E. Warm Springs Road, Suite 100
Las Vegas, Nevada 89119
(702) 823-3500 FAX: (702) 823-3400

commenced against Plaintiff in the Clark County Courts and therefore Plaintiff has **_no_** claim for malicious prosecution.

Even if Plaintiff had been prosecuted for embezzlement, Plaintiff's claims for malicious prosecution would still fail. Plaintiff does not allege any facts showing that Defendant did anything to direct, request, or pressure police officers to commence prosecution of Plaintiff for embezzlement. Instead, Plaintiff merely "believes" that Southern Nevada "filed a . . . police report alleging that the plaintiff that the plaintiff had committed embezzlement of funds . . . ." *See* Complaint at 9, ¶ 39. In *Lester*, the Nevada Supreme Court held that defendant cannot "be held liable for commencing the criminal action because they merely reported information" and did not otherwise direct request or pressure the police to commence a criminal proceeding. 112 Nev. at 1429, 929 P.2d at 913. In fact, Plaintiff concedes that he lacks facts showing that Southern Nevada even reported Plaintiff to the police as he only "believes" Southern Nevada "filed a police report,*"* without alleging any facts to support such a belief. *See Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 551, 557 (2007) (declining to take as true a conclusory allegation based "upon information and belief" when plaintiff failed to allege sufficient facts to make that statement plausible).

Moreover, as already set forth, Plaintiff cannot show "malice" or a "favorable termination" when Plaintiff admits facts which would reasonably lead one to believe that Plaintiff embezzled funds and claims that he has pled "no contest" to the crime of embezzlement. *See Lester*, 112 Nev. at 1430, 929 P.2d at 913 (holding claims of malicious prosecution lacked merit when defendant had "a good faith belief" that plaintiff had committed acts amounting to theft, even though plaintiff did not actually commit the crime); *Daubenmire*, 507 F.3d at 390 (holding plaintiffs "are estopped by their [no-contest] pleas in state court from now challenging the reasonableness of their arrest" and that the underlying facts were sufficient to establish probable cause that plaintiffs committed the crime); *Rosenthal*, 107 Nev. at 776, 819 P.2d at 1300 (holding a "conviction may be considered even when based upon a plea of nolo contendere"). As Plaintiff has not and cannot show a single element of a claim for malicious prosecution, this Court should dismiss that claim with prejudice. *See Amon Ra v. Cochise Cty.*,

COHEN | JOHNSON | PARKER | EDWARDS
255 E. Warm Springs Road, Suite 100
Las Vegas, Nevada 89119
(702) 823-3500 FAX: (702) 823-3400

442 Fed. App'x 286, 287 (9th Cir. 2011) (holding Plaintiffs failed to state a claim for malicious prosecution when "[a]t most, Plaintiffs alleged that Federal Defendants provided information to state and federal prosecutors").

**D.    Plaintiff's Interference Claim Has _NO_ Merit.**

In *J.J. Indus., LLC v. Bennett*, 119 Nev. 269, 274, 71 P.3d 1264, 1267 (2003), the Nevada Supreme Court held that to state a valid "action for intentional interference with contractual relations, a plaintiff must establish: (1) a valid and existing contract; (2) the defendant's knowledge of the contract; (3) intentional acts intended or designed to disrupt the contractual relationship; (4) actual disruption of the contract; and (5) resulting damage.  In making this showing, "plaintiff must establish that the defendant had a motive to induce ***breach of the contract with the third party***." *Id.* at 275, 71 P.3d at 1268 (emphasis added).   As the breach induced must be that of a contract with a third-party, this Court, in *Crockett & Myers, Ltd. v. Napier, Fitzgerald & Kirby, LLP*, 440 F. Supp. 2d 1184, 1194 (D. Nev. 2006), held that "a party cannot, as a matter of law, tortiously interfere with its own contract." *See also Bartsas Realty, Inc. v. Nash*, 81 Nev. 325, 327, 402 P.2d 650, 651 (1965) (rejecting claim for "tortious interference" because "defendants' breach of their own contract with the plaintiff is not a tort").

Plaintiff claims that he was a truck driver for the Southern Nevada.  *See* Complaint at 3, ¶ 10.  Plaintiff's claim of interference is based on his erroneous claim "that the defendant prematurely terminated the plaintiff's employment contract. . . ." *See* Complaint at 7, ¶ 28. Plaintiff therefore does not allege interference with the contract of a third party, but interference with Southern Nevada's own contract with Plaintiff.  As Plaintiff has not and cannot establish a claim of interference of contract against Southern Nevada, this Court should dismiss Plaintiff's interference claim.  *See Crockett & Myers,* 440 F. Supp. 2d at 1195 (granting motion to dismiss interference claim when the complaint alleged that a party to a contract interfered with that contract).

**E.    Plaintiff's Breach of Fiduciary Duty Claim Has _NO_ Merit.**

In *Stalk v. Mushkin*, 199 P.3d 838, 843 (Nev. 2009), the Nevada Supreme Court explained that a " breach of fiduciary duty claim seeks damages for injuries that result from the

COHEN | JOHNSON | PARKER | EDWARDS

255 E. Warm Springs Road, Suite 100
Las Vegas, Nevada 89119
(702) 823-3500 FAX: (702) 823-3400

COHEN | JOHNSON | PARKER | EDWARDS

255 E. Warm Springs Road, Suite 100
Las Vegas, Nevada 89119
(702) 823-3500 FAX: (702) 823-3400

tortious conduct of one who owes a duty to another by virtue of the fiduciary relationship."  In

*Klein v. Freedom Strategic Partners, LLC*, 595 F. Supp. 2d 1152, 1162 (D. Nev. 2009), this

Court held that to "prevail on a breach of fiduciary duty claim, the plaintiff must establish: "(1)

the existence of a fiduciary duty; (2) breach of that duty; and (3) the breach proximately caused

the damages."  In *Long v. Towne*, 98 Nev. 11, 13, 639 P.2d 528, 530 (1982), the Nevada

Supreme Court held that a fiduciary duty "exists when one reposes a special confidence in

another so that the latter, in equity and good conscience, is bound to act in good faith and with

due regard to the interests of the one reposing the confidence."

In *Miller v. Yokohama Tire Corp.*, 358 F.3d 616, 618, 621 (9th Cir. 2004), the Ninth

Circuit held that "[n]o presumption of a confidential relationship arises from the bare fact that

parties to a contract are employer and employee," and therefore refused to find a fiduciary duty

between and employer and employee based on the employee's claim that the employer failed to

pay overtime and that the employer misrepresented to employees that they were not entitled to

overtime.  As already set forth, the only relationship alleged between Plaintiff and Southern

Nevada is that of employee and employer.  The only breach Plaintiff claims is the failure to pay

the correct amount of wages.  *See* Complaint at 8, ¶ 34.  Plaintiff therefore fails to establish any

fiduciary duty or breach.  Accordingly, this Court should dismiss Plaintiff's claim for breach of

fiduciary duty is completely without merit.

**F.     Plaintiff's Conversion Claim Has <u>*NO*</u> Merit.**

In *M.C. Multi-Family Dev., L.L.C. v. Crestdale Associates, Ltd.*, 124 Nev. 901, 910, 193

P.3d 536, 542 (2008), the Nevada Supreme Court held that to establish a claim of conversion,

plaintiff must show that defendant exercised "a distinct act of dominion wrongfully exerted over

[plaintiffs'] personal property in denial of, or inconsistent with his title or rights therein or in

derogation, exclusion, or defiance of such title or right."  The only act of conversion claimed by

Plaintiff is the alleged failure to pay Plaintiff his full wages, which as a matter of law cannot

support a claim for conversion.  *See* Complaint, at 8, ¶ 36.

In *Temmen v. Kent-Brown Chevrolet Co*, 605 P.2d 95, 99 (Kan. 1980), the Kansas

Supreme Court, relying upon the same definition for conversion applied by the Nevada Supreme

COHEN | JOHNSON | PARKER | EDWARDS

255 E. Warm Springs Road, Suite 100
Las Vegas, Nevada 89119
(702) 823-3500 FAX: (702) 823-3400

Court, held that withholding sums from "employee's wages without written authority . . . does

not constitute the tort of conversion."  The Court reasoned "an action for conversion of the funds

representing the indebtedness will not lie against the debtor."  *Id.*; *see also Lockerby v. Sierra*,

535 F.3d 1038, 1043 n.5 (9th Cir. 2008) (holding an "action for conversion will not lie for

money that is simply a debt").  Courts have universally reached the same conclusion.  *See In re*

*Wal-Mart Wage & Hour Employment Practices Litig.*, 490 F. Supp. 2d 1091, 1105 (D. Nev.

2007) (holding claim for unpaid wages could not support a claim of conversion because "there

can be no conversion of a debt within the debtor-creditor relationship");  *Rehbein v. St. Louis Sw.*

*Ry. Co.*, 740 S.W.2d 181, 183 (Mo. Ct. App. 1987) (holding that the "withholding [from wages]

did not constitute conversion because if defendant owed plaintiff money, it was for work and

labor already performed which gives rise to a claim for unpaid wages, a general debt"); *Owens v.*

*Zippy Mart of SouthCarolina, Inc.*, 268 S.C. 383, 386, 234 S.E.2d 217, 218 (1977) (holding "a

disputed claim for her wages" could not support a claim of conversion because "an action based

on conversion of the funds representing the debt is improper").  Accordingly, Plaintiff's

erroneous claim that Southern Nevada failed to pay Plaintiff the appropriate wage does not

amount to conversion, and Plaintiff's claim of conversion should be dismissed with prejudice.

*See Nakahata v. New York-Presbyterian Healthcare Sys., Inc.*, 723 F.3d 192, 204 (2d Cir. 2013)

(holding "dismissal of the conversion claim with prejudice" was required because a claim for

failure to pay wages does not amount to conversion).

**G.    Plaintiff's Fraud Claim Has _NO_ Merit.**

In *Chen v. Nevada State Gaming Control Bd.*, 116 Nev. 282, 284, 994 P.2d 1151, 1152

(2000), the Nevada Supreme Court held that to "establish fraud [or misrepresentation], the

[plaintiff] must show that [defendant] provided a false representation of a material fact, which he

knew to be false; that [defendant] intended the [plaintiff] to rely on the misrepresentation; that

the [plaintiff] detrimentally relied on the misrepresentation; and that the misrepresentation

proximately caused damages."  In *Sanford v. MemberWorks, Inc.*, 625 F.3d 550, 558 (9th Cir.

2010), the Ninth Circuit explained that Fed. R. Civ. P. "9(b) demands that the circumstances

constituting the alleged fraud be specific enough to give defendants notice of the particular

COHEN | JOHNSON | PARKER | EDWARDS
255 E. Warm Springs Road, Suite 100
Las Vegas, Nevada 89119
(702) 823-3500 FAX: (702) 823-3400

1  misconduct so that they can defend against the charge and not just deny that they have done

2  anything wrong."   The court held that to "avoid dismissal for inadequacy under Rule 9(b), the

3  complaint would need to state the time, place, and specific content of the false representations as

4  well as the identities of the parties to the misrepresentation."  Plaintiff fails to plead with

5  particularity any such facts.  This Court should therefore dismiss Plaintiff's fraud claim as

6  without merit.

7      The only allegations relied upon to support Plaintiff's claim of fraud is his unsupported

8  belief that Southern Nevada filed a false police report and falsely told the employment office that

9  he quit his job.  *See* Complaint at 8, ¶¶ 29, 42.  As already set forth, any claim that Southern

10  Nevada filed a false police report has no support as Plaintiff admits facts supporting a claim of

11  embezzlement and has pleaded no contest to that charge.  Additionally, Plaintiff does not allege

12  that he was even aware of any reports made by Southern Nevada to the Police Department, let

13  alone claim reliance on such reports.

14      Plaintiff's allegation that Southern Nevada falsely reported that Plaintiff quit is belied by

15  his own admissions and by the public record.  In *State, Nevada Employment Sec. Dep't v. Weber*,

16  100 Nev. 121, 122-25, 676 P.2d 1318, 1319-20 (1984), the Nevada Supreme Court held that an

17  employee "voluntarily left his last employment without good cause" when the record shows that

18  he "stopped showing up for work after the employer changed the method of shift selection and

19  respondent could no longer work during the shift he preferred."  *See also Hughen v. Highland*

20  *Estates*, 137 Idaho 349, 351, 48 P.3d 1238, 1240 (2002) ("By not returning to work . . .  when he

21  was aware that he was scheduled to work could be interpreted as [the employee] quitting");

22  *Doran v. Employment Sec. Agency*, 75 Idaho 94, 97, 267 P.2d 628, 630 (1954) (holding that if

23  any employee "leaves without attempting to secure temporary leave, or fails to take reasonable

24  measures to keep his employer informed, and to secure agreement to his absence, he will be held

25  to have quit voluntarily without good cause" because it "is the duty of the employee to have

26  regard for the interests of his employer and for his own job security, and to act as a reasonably

27  prudent person would in keeping contact with his employer and in securing the permanence of

28  his employment") cited with approval in *Kraft v. Nevada Employment Sec. Dep't*, 102 Nev. 191,

194, 717 P.2d 583, 585 (1986).  Plaintiff admits that he "did not show up to pick up his last load to be delivered by his truck."  *See* Complaint at 4, ¶ 13.  Plaintiff does not claim he had any good cause for failing to show up or that he even informed Southern Nevada that he would not show up to work.  Plaintiff therefore "voluntarily left his work" and is deemed to "have quit voluntarily without good cause."  Southern Nevada's statement that Plaintiff quit is therefore true under Plaintiff's own facts.

Nevada Department of Employment, Training and Rehabilitation ("DETR") also specifically found that Plaintiff's "separation is considered a voluntary quit."  *See* Exhibit 3, DETR Decision dated June 14, 2016; *see also Mack v. S. Bay Beer Distribs., Inc.*, 798 F.2d 1279, 1282 (9th Cir.1986) (holding that a "court may take judicial notice of records and reports of administrative bodies . . . and doing so does not convert a Rule 12(b)(6) motion to one for summary judgment") overruled on other grounds by *Astoria Fed. Sav. & Loan Ass'n v. Solimino*, 501 U.S. 104, (1991).  Plaintiff therefore is estopped from claiming otherwise.  *See University of Tennessee v. Elliott*, 478 U.S. 788, 798 (1986) (holding "federal courts give preclusive effect to the factfinding of state administrative tribunals").  Accordingly, Plaintiff's allegation that Southern Nevada falsely reported that Plaintiff quit cannot be viewed as true and this Court again should dismiss Plaintiff's fraud claim.

Moreover, Southern Nevada's reports to DETR and to the police are privileged and cannot support a tort liability.  In *Circus Circus Hotels, Inc. v. Witherspoon*, 99 Nev. 56, 61, 657 P.2d 101, 104 (1983) (emphasis added), the Nevada Supreme Court held "that the absolute privilege attached to judicial proceedings has been extended to quasi-judicial proceedings before executive officers, boards, and commissions, ***including proceedings in which the administrative body is considering an employee's claim for unemployment compensation*."  As any alleged statements made by Southern Nevada to DETR are absolutely privileged, Plaintiff's claim for fraud based on such statements is absolutely bared.  Additionally, in *Pope v. Motel 6*, 121 Nev. 307, 317, 114 P.3d 277, 283–84 (2005), the Nevada Supreme Court held that "statements made to police before the initiation of criminal proceedings" are privileged unless plaintiff  proves "by a preponderance of the evidence that the defendant abused the privilege by publishing the

COHEN│JOHNSON│PARKER│EDWARDS
255 E. Warm Springs Road, Suite 100
Las Vegas, Nevada 89119
(702) 823-3500 FAX: (702) 823-3400

defamatory communication with actual malice" which requires the plaintiff to demonstrate "that a statement is published with knowledge that it was false or with reckless disregard for its veracity."   As already set forth, by pleading no contest to the crime of embezzlement and admitting facts supporting a claim of embezzlement, Plaintiff cannot possibly show that Southern Nevada acted in reckless disregard of the truth.  *See Daubenmire*, 507 F.3d at 390 (holding plaintiffs "are estopped by their [no-contest] pleas in state court from now challenging the reasonableness of their arrest," and that the underlying facts were sufficient to establish probable cause that plaintiffs committed the crime); *Rosenthal*, 107 Nev. at 776, 819 P.2d at 1300 (holding a "conviction may be considered even when based upon a plea of nolo contendere").  As Plaintiff's fraud claim is based on privileged reports to DETR and to the police, Plaintiff's fraud claim is again barred.

Even if Southern Nevada's statements were not privileged, Plaintiff's fraud claim would still lack merit.  In *Lubbe v. Barba*, 91 Nev. 596, 600, 540 P.2d 115, 118 (1975) (emphasis added), the Nevada Supreme Court explained that the "in cases of misrepresentation" the "false representation must have played a material and substantial part in leading the ***plaintiff*** to adopt his particular course; and when ***he was unaware*** of it at the time that he acted, or it is clear that he was ***not in any way influenced by it***, and would have done the same thing without it for other reasons, his loss is not attributed to the defendant."  Plaintiff does not and cannot claim that he relied on statements allegedly made by Southern Nevada or changed his course of conduct in any way.  Plaintiff had no reason to rely on statements made by Southern Nevada about Plaintiff because Plaintiff was intimately acquainted with his own misconduct.  Plaintiff's claim of fraud or misrepresentation therefore has no merit and this Court should again dismiss that claim.  *See Estate of Ko by Hill v. Sears Roebuck & Co.*, 982 F. Supp. 471, 476–77 (E.D. Mich. 1997) (dismissing misrepresentation claim where Plaintiff did not allege reliance by the party alleging that a false report had been made to police because "[r]eliance by the plaintiff is essential to a claim of misrepresentation").

COHEN | JOHNSON | PARKER | EDWARDS
255 E. Warm Springs Road, Suite 100
Las Vegas, Nevada 89119
(702) 823-3500 FAX: (702) 823-3400

**H.    Plaintiff's Claim of Intentional Infliction of Emotional Distress Has _NO_ Merit.**

In *Miller v. Jones*, 114 Nev. 1291, 1299–1300, 970 P.2d 571, 577 (1998), the Nevada Supreme Court held that to prevail on a claim of intentional infliction of emotional distress, "a plaintiff must show: (1) extreme and outrageous conduct on the part of the defendant; (2) intent to cause emotional distress or reckless disregard for causing emotional distress; (3) that the plaintiff actually suffered extreme or severe emotional distress; and (4) causation."  The only conduct claimed to be outrageous is Plaintiff's erroneous allegations that Southern Nevada filed a false police report; that Southern Nevada lied to the employment insurance office; and that Southern Nevada discriminated against Plaintiff with respect to promotions and raises.  *See* Complaint at 10, ¶¶ 46-48.  As already set forth, statements made to DETR concerning an "employee's claim for unemployment compensation" and statements made to the police are privileged.  *See Circus Circus Hotels*, 99 Nev. at 61, 657 P.2d at 104; *Pope*, 121 Nev. at 317, 114 P.3d at 283–84.   As any alleged statements made by Southern Nevada to DETR and the police are privileged, Plaintiff's claim for emotional distress based on such statements is barred.

Even if the statements were not privileged, none of these allegations amount to extreme or outrageous conduct.  In *Maduike v. Agency Rent-A-Car*, 114 Nev. 1, 4, 953 P.2d 24, 26 (1998), the Nevada Supreme Court explained that "extreme and outrageous conduct is that which is outside all possible bounds of decency and is regarded as utterly intolerable in a civilized community."  In *Clark v. Twp. of Falls*, 890 F.2d 611, 624 (3d Cir. 1989), the Third Circuit held "***forwarding charges to the district attorney***, confirming that [Plaintiff] was being investigated, showing disparaging reports in public, changing [Plaintiff] duties and depriving him of privileges, and, possibly, limiting his speech at Board meetings . . . , while deplorable, do not constitute extreme and outrageous conduct" necessary to support a claim of intentional infliction of emotional distress.  Plaintiff cannot claim that the alleged police report by Southern Nevada was outrageous when Plaintiff admits facts supporting a claim of embezzlement and has pleaded no contest to that charge.

Likewise, in *Miller v. Maxwell's Int'l Inc*., 991 F.2d 583, 586 (9th Cir. 1993), the Ninth Circuit held that the "denial of unemployment benefits is a common business decision and is

COHEN | JOHNSON | PARKER | EDWARDS

255 E. Warm Springs Road, Suite 100
Las Vegas, Nevada 89119
(702) 823-3500 FAX: (702) 823-3400

COHEN | JOHNSON | PARKER | EDWARDS

255 E. Warm Springs Road, Suite 100
Las Vegas, Nevada 89119
(702) 823-3500 FAX: (702) 823-3400

1  simply not conduct 'so outrageous in character, and so extreme in degree, as to go beyond all

2  possible bounds of decency, and to be regarded as atrocious, and utterly intolerable in a civilized

3  community'" and is therefore "insufficient as a matter of law to state a claim for emotional

4  distress."  Any alleged statement about Plaintiff's eligibility for employment benefits therefore

5  are not outrageous and are insufficient to state a claim for emotional distress.

6          Also, in *Arroyo v. Volvo Grp. N. Am., LLC*, 805 F.3d 278, 288 (7th Cir. 2015), the

7  Seventh Circuit held that even if the employer's actions were discriminatory, that "did not rise to

8  the level of 'extreme and outrageous'" conduct and accordingly Plaintiff's "claim for intentional

9  infliction of emotional distress therefore fails" and was without merit.  The court reasoned that in

10  "the absence of conduct calculated to coerce an employee to do something illegal, courts have

11  generally declined to find an employer's retaliatory conduct sufficiently extreme and outrageous

12  as to give rise to an action for intentional infliction of emotional distress."  *Id*.  Likewise in *Loyd*

13  *v. Saint Joseph Mercy Oakland,* 766 F.3d 580, 592 (6th Cir. 2014), the Sixth Circuit held that

14  "run-of-the-mill claims of employment discrimination (as are alleged here) do not constitute

15  extreme and outrageous conduct sufficient to state a claim of intentional infliction of emotional

16  distress."  At best, plaintiff alleges run-of-the-mill claims of employment discrimination, and

17  even if true, which they are not, fail to show outrageous conduct necessary to support a claim of

18  intentional infliction of emotional distress.

19          Moreover, Plaintiff has not alleged that he has even suffered any emotional distress,

20  much less the severe emotion distress required to support such a claim.  In *Miller*, the Nevada

21  Supreme Court held claims of depression was insufficient to support a claim that Plaintiff

22  suffered severe emotional distress necessary to state a claim of intentional infliction of emotional

23  distress.  114 Nev. at 1300, 970 P.2d at 577.   As Plaintiff does not even allege depression, his

24  claim for intentional infliction of emotional distress has no merit and should be dismissed with

25  prejudice.

26  **I.     Plaintiff's Breach of Contract Claim Has <u>*NO*</u> Merit**

27          In *Northampton Rest. Grp., Inc. v. FirstMerit Bank, N.A.*, Case No. 10–4056, 492 F.

28  App'x 518, 521-22 (6th Cir. 2012), the Sixth Circuit held that the plaintiff had failed to "allege

facts sufficient to make its breach-of-contract claim plausible on its face" when the plaintiff "did not attach any contracts to its complaint and did not include the language of any specific contractual provisions that had been breached" by the defendant.  The court found that it "is a basic tenet of contract law that a party can only advance a claim of breach of written contract by identifying and presenting the actual terms of the contract allegedly breached."  *Id.* at 522; *see also Williams v. Wells Fargo Bank, N.A.*, 560 F. App'x 233, 238 (5th Cir. 2014) (holding plaintiff failed to state a claim for breach of contract because plaintiff failed to "identify the specific provision in the contract that was breached").

　　　　Plaintiff does not identify any specific provisions of his contract, or even allege facts showing he had a contract with Southern Nevada.  In *Martin v. Sears, Roebuck & Co.*, 111 Nev. 923, 928, 899 P.2d 551, 554 (1995), the Nevada Supreme Court held that where plaintiff "has not demonstrated that he was other than an at-will employee, a breach of contract cause of action will not lie."  The court reasoned that "a claim arising from breach of contract has no application to at-will employment" and "because all employees in Nevada are presumptively at-will employees," plaintiff must provide facts that "overcome the legal presumption of at-will employment."  *Id.*  As Plaintiff does not even attempt to allege facts showing that he is other than an employee at will, he cannot show that he has a contract with Southern Nevada, much less show that Southern Nevada breached this non-existent contract.   Accordingly, this Court should dismiss Plaintiff's breach of contract claim.

COHEN | JOHNSON | PARKER | EDWARDS
255 E. Warm Springs Road, Suite 100
Las Vegas, Nevada 89119
(702) 823-3500 FAX: (702) 823-3400

### III.  CONCLUSION

Pursuant to the foregoing, this Court should grant Southern Nevada's motion and dismiss Plaintiff's First, Second, Third, Fourth, Fifth, Sixth, Seventh, Eighth, and Tenth counts in his Complaint.

Dated this 29th  day of August 2016

COHEN|JOHNSON|PARKER|EDWARDS


By:  */s/ Chris Davis*
H. Stan Johnson, Esq.
Nevada Bar No. 00265
Chris Davis, Esq.
Nevada Bar No. 06616
255 E. Warm Spring Road, Suite 100
Las Vegas, Nevada 89119
Attorneys for Defendant

COHEN|JOHNSON|PARKER|EDWARDS
255 E. Warm Springs Road, Suite 100
Las Vegas, Nevada 89119
(702) 823-3500 FAX: (702) 823-3400

**PROOF OF SERVICE**

CASE NAME:        Coulson v. Southern Nevada Movers
Court:            USDC Nevada
Case No.:         2:16−cv−01989

On the date last written below, following document(s) was served as follows:

**MOTION TO DISMISS**

| | |
|---|---|
| _____X_____ | by placing an original or true copy thereof in a sealed envelope, with sufficient postage affixed thereto, in the United States Mail, Las Vegas, Nevada and addressed to: |
| _____ | by using the State Court's CM/ECF Electronic Notification System addressed to: |
| _____ | by electronic email addressed to : |
| _____ | by personal or hand/delivery addressed to: |
| _____ | By facsimile (fax) addresses to: |
| _____ | by Federal Express/UPS or other overnight delivery addressed to: |

Edward Coulson
4529 Townwall Street
Las Vegas, Nevada 89115
*Plaintiff*

DATED the 29th day of August 2016.


___/s/ Sarah Gondek_____
An employee of Cohen|Johnson|Parker|Edwards
:

COHEN|JOHNSON|PARKER|EDWARDS
255 E. Warm Springs Road, Suite 100
Las Vegas, Nevada 89119
(702) 823-3500 FAX: (702) 823-3400

# Exhibit 1

# Exhibit 1

# Civil/Criminal Case Records Search Results

Skip to Main Content   Logout   My Account   Search Menu   New District Civil/Criminal Search   Refine Search      Location : District Court Civil/Criminal   Help

**Record Count:** 11
**Search By:** Party   **Party Search Mode:** Name   **Last Name:** Coulson   **All** All   **Sort By:** Filed Date

| Case Number | Citation Number | Style/Defendant Info | Filed/Location | Type/Status | Charge(s) |
|---|---|---|---|---|---|
| 97A382457 | | Alicia Coulson vs Stasha Boyd, Ron Boyd | 12/18/1997 Department 13 | Negligence - Auto | |
| 98A383764 | | Gladys Hawkins vs Christopher Coulson | 01/27/1998 Department Unassigned | Negligence - Auto Closed | |
| 03A466363 | | Gloria Lopez vs Alicia Coulson | 04/17/2003 Department 12 | Negligence - Auto Closed | |
| 03A474330 | | James Coulson, Lillian Coulson vs Kelly Mitcham, Donna Mitcham, et al | 09/30/2003 Department 24 | Other Civil Filing Closed | |
| 06A526449 | | Centurion Capital Corp vs James Coulson | 08/14/2006 Department 12 | Breach of Contract Closed | |
| 06C225705 | | Coulson, Delilah | 08/31/2006 Department 21 | Felony/Gross Misdemeanor Closed | ATTEMPT. ACTIONS WHICH CONSTITUTE THEFT THEFT-PENALTIES |
| 08A556575 | | Victoria Coulson vs Diana Anderson | 02/04/2008 Department 23 | Negligence - Auto Closed | |
| A-09-598165-B | | Asset Resolution LLC, Plaintiff(s) vs. Donna Cangelosi, Defendant(s) | 08/28/2009 Department 15 | Business Court Closed | |
| A-13-691662-C | | Kyle Dotson, Plaintiff(s) vs. Delilah Coulson, Defendant(s) | 11/14/2013 Department 20 | Negligence - Auto Closed | |
| C-16-313283-1 | | Coulson, Eldrion Montre | 03/10/2016 Department 6 | Felony/Gross Misdemeanor Reactivated | COMPETENCY DETERMINATION COMPETENCY DETERMINATION |
| A-16-740702-C | | Edward Coulson, Plaintiff(s) vs. Southern Nevada Movers, Defendant(s) | 07/27/2016 Department 32 | Other Civil Matters Closed | |

# Exhibit 2

# Exhibit 2

# Criminal Case Records Search Results

**Record Count: 2**
**Search By:** Defendant   **Party Search Mode:** Name   **Last Name:** coulson   **First Name:** edward   **All** All   **Sort By:** Filed Date

| Case Number | Citation Number | Defendant Info | Filed/Location | Type/Status | Charge(s) |
|---|---|---|---|---|---|
| 15F04965X | | Coulson, Edward | 04/02/2015 JC Department 14 | Gross Misdemeanor Closed | Battery [50212] |
| 16M00433X | | COULSON, EDDIE | 01/12/2016 JC Department 12 | Misdemeanor Dismissed | Dom battery, (1st) [50235] |

# Exhibit 3

Exhibit 3



**Employment Security Division**
Adjudication Center
500 East Third Street
Carson City, NV 89713-0035
Tel (775) 684-0302  Fax (775) 684-0338
Tel (702) 486-7999  Fax (702) 486-7987

## DETR
Nevada Department of Employment,
Training and Rehabilitation

ONE NEVADA - Growing A Skilled, Diverse Workforce



3481584
http://www.nvdetr.org

**Original**

SOUTHERN NEVADA MOVERS INC
4850 STATZ ST #102 %RONGO
N LAS VEGAS, NV  89081

RE: EDWARD COULSON
SSN: 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
Issue ID: 3197976
Week End Date: 12/19/2015
Date Mailed: 01/15/2016
Last Day to Appeal: 01/26/2016
Decision Date: 01/14/2016

**\* See back of form for Appeal Rights
and other important information.**

**\*Vea el reverso de la hoja para
los derechos de apelación y otra
información importante.**

The claimant received a determination stating:

### DECISION

You are not entitled to benefits effective 12/06/2015 until you return to work in covered employment and earn
at least $193.00 in each of 10 weeks. (Proof of earnings must be furnished to end this disqualification period.)

### REASON FOR DECISION

Your employer reported that you voluntarily quit your job. You stated that you were discharged however; during
your interview, you requested that your separation statement be deleted and you discontinued the interview.
Your employer has presented the more credible evidence and account of events in this instance. As such, this
separation is considered a voluntary quit. No compelling reason for quitting has been shown.

As you have not established a compelling reason for quitting available work, good cause has not been shown.

**Pertinent Section of Law:**

**NRS 612.380:** A person is ineligible to receive benefits for the week in which he voluntarily left his last or next-
to-last employment: 1) Without good cause, and until he returns to work in subsequent covered employment
and earns his weekly benefit amount in each of ten weeks; or 2) To seek other employment until he secures
other employment and is subsequently unemployed through no fault of his own.

