1
2
3
4
5
6
7

**UNITED STATES DISTRICT COURT**

**DISTRICT OF NEVADA**

| | |
|---|---|
| EDWARD COULSON,                                 ) | Case No. 2:16-cv-01989-RFB-NJK |
| Plaintiff(s),           ) | |
| ) | REPORT AND RECOMMENDATION |
| v.                                                        ) | |
| SOUTHERN NEVADA MOVERS,              ) | |
| Defendant(s).           ) | |

A plaintiff has a duty to prosecute his case and may face dismissal of that case if he fails to fulfill that duty.  *See* Fed. R. Civ. P. 41(b).  As part of that duty to prosecute, a plaintiff must confer with the defendant to prepare a schedule for the case to move forward through discovery and dispositive motions. *See* Fed. R. Civ. P. 26(f); Local Rule 26-1 ("The pro se plaintiff or plaintiff's attorney must initiate the scheduling of the conference required by Fed. R. Civ. P. 26(f) to be held within 30 days after the first defendant answers or otherwise appears").  Parties also have a duty to comply with Court orders.  *See, e.g.*, Fed. R. Civ. P. 16(f).

In this case, the parties failed to submit a discovery plan and proposed scheduling order by the deadline established in the local rules, prompting the Court to order them to file a joint proposed discovery plan, a motion to stay discovery, or a joint status report.  Docket No. 22.  Defendant then filed its own discovery plan in response to the Court's order because it had attempted to contact Plaintiff without success.  *See* Docket No. 25 at 1.  The Court noted that "[d]iscovery plans must be submitted jointly, and all parties are required to work toward the formulation of a discovery plan."  Docket No. 26

at 1.  The Court expressly ordered that Plaintiff was required to call Defendant's counsel at the phone number identified on the docket by November 8, 2016 to formulate a joint proposed discovery plan.  *Id.*  The Court further stated that "Plaintiff is hereby **CAUTIONED** that failing to comply with this Court order and the applicable rules of procedure may subject him to sanctions, up to and including dismissal of this case."  Docket No. 26 at 1 (emphasis in original).  Despite that admonition of potential dismissal of his case, Plaintiff has failed to comply.  *See* Docket No. 27.

On November 10, 2016, the Court ordered Plaintiff to show cause in writing, no later than November 28, 2016, why this case should not be dismissed for Plaintiff's failure to prosecute the case, failure to comply with Local Rule 26-1, and failure to obey the Court's orders at Docket Nos. 22 and 26.  Docket No. 29 at 2 (citing Fed. R. Civ. P. 41(b); Local Rule IA 11-8(c); Fed. R. Civ. P. 16(f)).  The Court further warned that the "**[f]ailure to respond to this order by November 28, 2016 will result in a recommendation that this case be dismissed**."  *Id.* (emphasis in original).  Plaintiff did not respond to that order to show cause.

The willful failure of Plaintiff to comply with the applicable rules and the Court's orders is an abusive litigation practice that has interfered with the Court's ability to hear this case, delayed litigation, disrupted the Court's timely management of its docket, wasted judicial resources, and threatened the integrity of the Court's orders and the orderly administration of justice.  Sanctions less drastic than dismissal are unavailable because Plaintiff has willfully refused to comply with applicable rules and multiple Court orders despite the warning that sanctions including dismissal may result.

Accordingly, **IT IS RECOMMENDED** that this case be **DISMISSED**.

IT IS SO ORDERED.

DATED: December 2, 2016

_____
NANCY J. KOPPE
United States Magistrate Judge

**NOTICE**

Pursuant to Local Rule IB 3-2 any objection to this Report and Recommendation must be in writing and filed with the Clerk of the Court within (14) days after service of this Notice.  The Supreme

1    Court has held that the courts of appeal may determine that an appeal has been waived due to the failure

2    to file objections within the specified time.  *Thomas v. Arn*, 474 U.S. 140, 142 (1985), *reh'g denied*, 474

3    U.S. 1111 (1986).  This Circuit has also held that (1) failure to file objections within the specified time

4    and (2) failure to properly address and brief the objectionable issues waives the right to appeal the

5    District Court's order and/or appeal factual issues from the order of the District Court.  *Martinez v. Ylst*,

6    951 F.2d 1153, 1157 (9th Cir. 1991); *Britt v. Simi Valley United Sch. Dist.*, 708 F.2d 452, 454 (9th Cir.

7    1983).

8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28